ATLANTIC COAST LINE RAILROAD COMPANY, *Plaintiff in Error*, v. H. T. SWATTS, AS ADMINISTRATOR OF THE ESTATE OF G. C. SWATTS, *Defendant in Error*.

Opinion Filed May 6, 1913.

1.  In actions by an employee to recover damages from a railroad company employer for injuries alleged to have been inflicted by the running of locomotives or cars because of the negligence of another employee in performing some act in the master's service, in the performance of which the plaintiff as a co-employee was participating, the plaintiff must show either that he was free from fault himself, or that there was negligence as alleged on the part of his co-employees. In such a case upon proof that the plaintiff was free from fault, the statutory presumption arises that the servants of the company were at fault, and, under the statute, the liability of the company is regarded as established "unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company."

2.  In an action for the death of an employee of a railroad company, a recovery may be had upon proof of the death of the

employee proximately caused by the running of the defendant railroad company's train and upon proof either that the decedent was free from fault or that the defendant's employee was at fault as alleged, unless the defendant railroad company shall by sufficient probative evidence make it appear that its employees exercised all ordinary and reasonable care and diligence, or that the employee was at fault or negligent at the time of the injury.

3. In an action against the master for the negligent death of an employee where there is substantial evidence from which the jury could lawfully find that the defendant's negligence proximately caused the injury, and that the deceased employee was not negligent, and it does not appear that the jury were not governed by the evidence, a verdict for the plaintiff will not be disturbed as being contrary to the law and the evidence.

Writ of error to the Circuit Court for Polk County.

Judgment affirmed.

*Sparkman & Carter,* for Plaintiff in Error;

*A. H. King* and *Roswell King,* for Defendant in Error.

WHITFIELD, J.—An action was brought by the administrator of a deceased employee, who was a flagman, against the railroad company, to recover damages for the death of the employee caused by the alleged negligence of the company's employees.

The declaration in two counts alleges that the railroad company "suddenly and violently, and without warning, at a high rate of speed, to-wit, ten miles an hour, backed its train carelessly upon deceased and killed him," and that the engineer backed the train with great force and violence, and suddenly without warning .............. thereby striking the cars which he knew were standing

on the tracks, with great force, causing said cars to be hurled backwards and to strike down the deceased who was standing at the rear of the last car in the performance of his duties, and that thereby the deceased was killed. The pleas were not guilty and contributory negligence. There was verdict for the plaintiff in $7,500.00, which was reduced by remittitur, and judgment was entered for $4,-000.00. On writ of error it is contended that contributory negligence was shown, and that as under the statute the employee could not have recovered, therefore his administrator can not recover. The statutory regulations on the subject are as follows:

"Whenever the death of any person in this State shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals, or by the wrongful act, negligence, careless, or default, of any corporation, or by the wrongful act, carelessness, negligence, or default, of any agent of any corporation, acting in his capacity of agent of such corporation and the act, negligence, carelessness or default is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action for damages in respect thereof, then and in every such case the person or persons who or corporation which would have been liable in damages, if death had not ensued, shall be liable to an action for damages, notwithstanding the death shall have been caused under circumstances as would make it in law amount to a felony.

Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband, surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be main-

tained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue then the action may be maintained by the executor or administrator as the case may be, of the person so killed; and in every such action the jury shall give such damages as the party or parties entitled to sue may have sustained by reason of the death of the party killed. Any action instituted under this article by or in behalf of a person or persons under twenty-one years of age, shall be brought by and in the name of a next friend.

If any person is injured by a railroad company by the running of the locomotives or cars or other machinery of such company, he being at the time of such injury an employee of the company, and the damage was caused by negligence of another employee, and without fault or negligence on the part of the person injured, his employment by the company shall be no bar to a recovery. No contract which restricts such liability shall be legal or binding." Secs. 3145, 3146 and 3150, Gen. Stats. of 1906.

If the decedent could have recovered for the injury had he lived, his administrator may recover. Duval v. Hunt, 34 Fla. 85, 15 South. Rep. 876.

In actions by an employee to recover damages from a railroad company employer for injuries alleged to have been inflicted by the running of locomotives or cars because of the negligence of another employee in performing some act in the master's service, in the performance of which the plaintiff as a co-employee was participating, the plaintiff must show either that he was free from fault himself, or that there was negligence as alleged on the part of his co-employees. In such a case upon proof that the plaintiff was free from fault, the statutory presumption arises that the servants of the company were

26—Vol. 65

at fault, and, under the statute, the liability of the company is regarded as established "unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." Secs. 3148, 3150, Gen. Stats. of 1906; Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17, 24 South. Rep. 148.

As under the statute a recovery may be had by the administrator for the wrongful death of the decedent, there being no widow or child, and no person dependent upon the decedent, upon proof of facts that would have justified a recovery by the decedent had he lived, such recovery may be had upon proof of the death of the employee proximately caused by the running of the defendant railroad company's train and upon proof either that the decedent was free from fault or that the defendant's employee was at fault as alleged, unless the defendant railroad company shall by sufficient probative evidence make it appear that its employees exercised all ordinary and reasonable care and diligence, or that the employee was at fault or negligent at the time of the injury.

There is evidence that the decedent "was standing at the back end of the caboose, or working at the bumper —he had a flag in his hand—the flag which they usually carried on the corner of the caboose." "While he was working at the bumper trying to adjust it with his hands, the train backed rapidly and struck the car south of and joined it to the caboose, and knocked it forward, and knocked him down." There is also evidence that the duties of the decedent did not require him to be in the position where he was when injured, that the instructions given him made him aware of the movement of the cars on the siding including the caboose by which he was standing, and that the train crew could not have seen him

when he was injured and had no reason to suppose he was standing on the track at the end of the caboose.

It is clear the caboose was struck in an unduly violent manner, and the jury were warranted in finding that the decedent was engaged in some duty devolved upon him, and that even if he should have expected the caboose to be moved, he had a right to assume that it would not be struck or moved with undue violence without at least notifying any one who might be at the further end of the caboose. On this record it cannot be said that the jury were not justified in finding in effect that the employees of the defendant railroad company were negligent as alleged, and that the deceased employee was not negligent at the time he was killed by the train.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCK-ER, J. J., concur.